UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAMELL HURKES,

        Plaintiff,

v.                                                                   Case No. 18-C-1692

SCOTT M. ECKSTEIN,
JOHN KIND,
STEVE SCHUELER, and
SGT. TONIA ROZMARYNOSKI,

        Defendants.

---

## SCREENING ORDER

---

Tramell Hurkes, who is currently serving a state prison sentence at Green Bay Correctional Institute (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by failing to provide adequate prison conditions and for ignoring his serious medical needs. On November 27, 2018, the court dismissed Hurkes' case without prejudice for failing to pay his initial partial filing fee (IPFF), but stated that Hurkes may reopen the matter if he submits his IPFF before December 18, 2018. The court received Hurkes' IPFF on December 14, 2018. Accordingly, the court will reopen the matter and address his motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Hurkes has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Hurkes has filed a certified copy of his

prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.84. Hurkes' motion for leave to proceed without prepaying the filing fee (ECF No. 2) will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Hurkes alleges that three of the defendants—Security Director Kind, Warden Eckstein, and Deputy Warden Schueler—locked down GBCI on May 30, 2018. As a result, Hurkes claims that "the living units became unbearable to live in due to [the] failure to comply with health, safety and sanitation rules, regulations or practices." Hurkes Compl., ECF No. 1 at 3.

On June 25, 2018, Hurkes, who states that he walks with a cane, slipped on a banana peel on the floor and fell when he exited his cell to get his medication. Hurkes alleges that the only reason the skin was there was because prison workers were not able to clean the floors as a result of GBCI being on lockdown due to Defendants Kind, Eckstein, and Schueler. As a result of his fall, Hurkes states that he landed on his right side and hit his head, hurting his back and aggravating his chronic pain. Hurkes alleges that Defendant Rozmarynoski, who was the unit sergeant on that day, told him that he needs to get up and get in the wheelchair when it arrives. Hurkes stated that he told Rozmarynoski he would not be able to move because he was in pain. When the wheelchair arrived two to three minutes later, health service staff decided that Hurkes should be taken to the hospital for x-rays. Hurkes subsequently filed this lawsuit seeking compensatory and punitive damages.

## THE COURT'S ANALYSIS

The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. amend. VIII. If prison officials are "deliberately indifferent to prisoners' serious medical needs," *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011), or they "act with 'deliberate indifference' to a

substantial risk of serious harm to an inmate['s]" health or safety, *Farmer*, 511 U.S. at 828 (citation omitted), then they violate the Constitution.

Addressing Hurkes' claim that Defendants Kind, Eckstein, and Schuler violated his Eighth Amendment rights by failing to provide prison conditions that satisfy the minimum standard protected by the Constitution requires a two-part examination. "First, we must determine whether the conditions at issue were 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities.'" *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834 (internal quotations omitted)). "If the inmate successfully establishes that the conditions were sufficiently serious, we then examine whether prison officials acted with 'deliberate indifference' to the conditions in question." *Id.* "'Deliberate indifference,' in turn, means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Id.* "As such, it is not enough for the inmate to show that the official acted negligently or that he or she should have known about the risk." *Id.*

Generally, an accidental slip-and-fall by a prisoner does not give rise to a civil rights action. *See Pyles v. Fahim*, 771 F.3d 403, 410–11 (7th Cir. 2014) (holding that slip-and-fall accidents almost never give rise to constitutional claims); *see also Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (agreeing with the district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding *sua sponte* dismissal of deliberate indifference claim brought by inmate); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (upholding dismissal at summary judgment of Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing water in shower, since "slippery floors constitute a daily

4

risk faced by members of the public at large"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (reasoning that, even if shackled inmate might fall on wet floor while showering, allegations of "slippery prison floors" do not state "even an arguable claim for cruel and unusual punishment") (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989)). Regarding Hurkes' claim about the general conditions of the prison, he has failed to allege how they pose a serious risk of harm. Further, regarding both his general claim about the prison conditions and his claim about the conditions that allegedly caused his slip-and-fall, Hurkes does not claim in his complaint that any Defendant was aware of the conditions, and thus fails to satisfy the second prong of the analysis. This claim against Kind, Eckstein, and Schueler will therefore be dismissed.

Turning next to Hurkes' claim that Rozmarynoski was deliberately indifferent to his serious medical need after he fell, an inmate's claim for deliberate indifference must satisfy the following two elements, the first objective and the second subjective: "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that claim." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)). To establish deliberate indifference, a plaintiff must meet what is "essentially a criminal recklessness standard, that is, ignoring a known risk," and "[e]ven gross negligence is insufficient" to impose constitutional liability. *Id.*

Hurkes' complaint fails to establish a deliberate indifference claim against Rozmarynoski. Simply put, after Hurkes informed Rozmarynoski about his alleged injuries, health services staff arrived promptly and he was taken to the hospital to get x-rays; his complaint does not establish that

5

Rozmarynoski ignored his alleged injuries or that he subsequently did not receive adequate treatment. Therefore, his claim against Rozmarynoski will also be dismissed.

Hurkes has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Hurkes' motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $339.16 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this  17th  day of December, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id*.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.